

IN THE UNITED STATES DISTRICT COURT
FOR THE EASTERN DISTRICT OF VIRGINIA
Richmond Division

VINCENT EUGENE WILLIAMS,

    Petitioner,

v.                                  Civil Action No. 3:12CV305

HAROLD W. CLARKE,

    Respondent.

**MEMORANDUM OPINION**

Vincent Eugene Williams, a Virginia prisoner proceeding pro se, brings this petition for a writ of habeas corpus under 28 U.S.C. § 2254 ("§ 2254 Petition"). Williams challenges the execution of his fifteen-year sentence for robbery imposed by the Circuit Court for the County of Stafford ("Circuit Court"). As explained below, Williams predicates his challenge on the erroneous theory that Virginia law requires that he only serve sixty-five percent of the fifteen-year sentence. Respondent has moved to dismiss. Williams has responded. The matter is ripe for disposition.

**I. PROCEDURAL HISTORY**

The Circuit Court previously provided this Court with records pertaining to Williams's robbery conviction and sentence for use in ruling a different § 2254 petition filed by Williams challenging his 2009 probation revocation proceeding. See

Williams v. Clarke, 3:11CV417 (E.D. Va.). Williams has filed a "REQUEST FOR THIS HONORABLE COURT TO JOIN A COPY OF THE TRIAL COURT TRANSCRIPTS FILED IN CIVIL ACTION NUMBER: 3:11-CV-417, ALONG WITH THE RECORD OF THE ABOVE-STYLED CASE." (ECF No. 22.) Because the Court references the Circuit Court records for Williams's criminal proceedings where appropriate, Williams's request (ECF No. 22) will be granted to the extent the Clerk shall note the presence of said records on the docket for use in this action.

### A. Williams's Conviction And Probation Violations

#### 1. Williams's Initial Conviction And Fifteen-Year Sentence

On September 24, 1990, Williams pled guilty to robbery in the Circuit Court. Commonwealth v. Williams, (no case number listed[1]) at 1-2 (Va. Cir. Ct. Sept. 24, 1990).[2] The Circuit Court sentenced Williams "to serve a term of fifteen (15) years confinement in the Penitentiary." Id. at 2. The Circuit Court "suspend[ed] the execution of all of the Penitentiary sentence except for the time already served on the condition that the

---

[1] The Circuit Court transmitted to the Court the Circuit Court's conviction and sentencing orders that fail to bear a case number as part of the record for Commonwealth v. Williams, No. CR92B-103 (Va. Cir. Ct.).

[2] The Circuit Court order lists October 11, 1989 as the date of the robbery offense. Commonwealth v. Williams, (No Case Number Available), at 1 (Va. Cir. Ct. Sept. 24, 1990).

defendant . . . be of good behavior . . . for a period of twenty (20) years from this date." Id.

### 2. Williams's First Violation Of Probation And Imposition Of A Six-Year Active Term Of Imprisonment

On September 1, 1992, the Circuit Court found that Williams violated the terms of his probation. Commonwealth v. Williams, (no case number listed) at 1 (Va. Cir. Ct. Sept. 1, 1992). The Circuit Court revoked and reimposed six years of Williams's previously suspended fifteen-year sentence. Id. The Circuit Court continued "[t]he suspension of the remaining nine (9) years but for time previously served." Id. The Circuit Court ordered that, upon Williams's release from confinement, Williams "be placed on active supervised probation under the Probation Officer of this Court." Id. at 2.

### 3. Williams's Second Violation Of Probation And Imposition Of A Four-Year Active Term Of Imprisonment

Upon his release from prison, Williams again violated the terms of his probation. Commonwealth v. Williams, No. CR92B00103-00, at 1 (Va. Cir. Ct. Apr. 27, 2005). The Circuit Court "**REVOKE[D] nine (9) years** of the previously suspended sentence on the conviction of **Robbery** and **RE-SUSPEND[ED] five (5) years** on the same terms and conditions of the original suspension." Id.

3

### 4. Williams's Release On Mandatory Parole

"On July 21, 2008, Williams was released on mandatory parole . . . ." (Mem. Supp. Mot. Dismiss Ex. B[3] at Ex. I ("Coleman Aff.") ¶ 11.) "In order to attain mandatory parole release in 2008, Williams received the benefit of a reduction in his sentences due to good time credits." (Id. ¶ 16.)

### 5. Williams's 2009 Revocation Of Probation And 2010 Revocation Of Parole

On August 21, 2009, the Circuit Court conducted a revocation hearing based upon Williams's failure to report to the District 21 Probation Department upon his release from prison as required by the terms of his suspended sentence. The Circuit Court revoked and reimposed four years of the remaining time on Williams's previously suspended sentence.[4] Commonwealth

---

[3] Respondent's Exhibit B is a copy of Respondent's Motion to Dismiss which he filed in the Circuit Court in response to Williams's state habeas petition.

[4] Williams alleges that on August 21, 2009, the Circuit Court determined that Williams "had served one (1) full year in jail" while initially awaiting trial on the robbery charge. (Mem. Supp. § 2254 Pet. 2.) The transcript of the hearing fails to support this assertion. Williams asserted, "I got [to jail for the robbery charge] in October of 1989 and I was released on September 14, 1990 . . . ." (Aug. 21, 2009 Hr'g Tr. 63.) Nevertheless, because of the lack of certainty regarding the amount of time Williams spent in confinement immediately prior to his initial conviction, the Circuit Court imposed only four years of the remaining sentence. (Aug. 21, 2009 Hr'g Tr. 76-77.) Furthermore, at the August 21, 2009 hearing, Williams, acknowledged, "I have [only] served to this date ten years and six months on this sentence." (Aug. 21, 2009 Hr'g Tr. 67.)

4

v. Williams, No. CR92C00103-00, at 1 (Va. Cir. Ct. Sept. 2, 2009).

"On December 7, 2010, the Virginia Parole Board revoked Williams' mandatory parole." (Coleman Aff. ¶ 15.) The Virginia Parole Board directed that Williams serve the portion(s) of his previously imposed sentences "which were unexpired when he was released on mandatory parole." (Id. ¶ 16.)

B. **Williams's State Habeas Proceedings**

On February 14, 2011, Williams filed a petition for a writ of habeas corpus with the Circuit Court wherein he challenged the four-year sentence imposed by the Circuit Court on August 21, 2009 as unlawful because he had fully served his entire fifteen-year sentence from the Circuit Court prior to August 21, 2009.[5] The Circuit Court denied the petition. Williams v.

---

[5] Specifically, Williams asserted:

The one (1) and only claim to be raised in this petition is as follows:

> The sentence imposed by the Stafford Circuit Court is a miscarriage of justice in such that none of the imposed term could be lawfully served and if not for the miscalculation of the sentence done by the Virginia Department of Corrections then this unconstitutional sentence would not have been served and the petitioner would be released from confinement altogether.

Memorandum in Support of a Petition for a Writ of Habeas Corpus Ad Subjiciendum 1, Williams v. Clarke, No. CL11-170-00 (Va. Cir.

5

Clarke, No CL11-170-00 (Va. Cir. Ct. July 29, 2011). Williams appealed. The Supreme Court of Virginia refused Williams's petition for appeal. Williams v. Clarke, No. 111716 (Va. Mar. 23, 2012).

C. **Williams's Current Detention**

In addition to the four-year sentence imposed by the Circuit Court on August 21, 2009, Williams has time to serve based upon a two-year sentence imposed by the Norfolk City Circuit Court on May 18, 2010. (Coleman Aff. ¶ 14.) Also upon the revocation of Williams's parole, the Virginia Parole Board directed that "Williams serve the portion of the terms imposed by the sentencing courts which were unexpired when he was released on mandatory parole." (Id. ¶ 16.) Nevertheless, in his state and federal habeas proceedings, Williams limited his challenge to the four-year term imposed by the Circuit Court on August 21, 2009. Accordingly, the Court limits its analysis to addressing that issue.[6]

---

Ct. filed Feb. 14, 2011) (capitalization corrected; emphasis omitted).

[6] Indeed, questions exist as to whether the Court could entertain a § 2254 Petition that addresses the execution of all of Williams's sentences as Williams has not fairly presented a coherent challenge to the execution of all of his sentences to the Virginia courts or to this Court.

## II. APPLICABLE CONSTRAINTS UPON FEDERAL HABEAS REVEW

In order to obtain federal habeas relief, at a minimum, a petitioner must demonstrate that he is "in custody in violation of the Constitution or laws or treaties of the United States." 28 U.S.C. § 2254(a). The Antiterrorism and Effective Death Penalty Act ("AEDPA") of 1996 further circumscribed this Court's authority to grant relief by way of a writ of habeas corpus. Specifically, "[s]tate court factual determinations are presumed to be correct and may be rebutted only by clear and convincing evidence." Gray v. Branker, 529 F.3d 220, 228 (4th Cir. 2008) (citing 28 U.S.C. § 2254(e)(1)). Additionally, under 28 U.S.C. § 2254(d), a federal court may not grant a writ of habeas corpus based on any claim that was adjudicated on the merits in state court unless the adjudicated claim:

> **(1)** resulted in a decision that was contrary to, or involved an unreasonable application of, clearly established Federal law, as determined by the Supreme Court of the United States; or
> **(2)** resulted in a decision that was based on an unreasonable determination of the facts in light of the evidence presented in the State court proceeding.

28 U.S.C. § 2254(d)(1)-(2). The Supreme Court has emphasized that the question "is not whether a federal court believes the state court's determination was incorrect but whether that determination was unreasonable—a substantially higher threshold." Schriro v. Landrigan, 550 U.S. 465, 473 (2007) (citing Williams v. Taylor, 529 U.S. 362, 410 (2000)).

7

## III. ANALYSIS

Williams's § 2254 Petition with attachments spans over 120 pages. Much of the § 2254 Petition consists of overwrought language and unsupported argument that, when given credit for time served, Williams has fully satisfied his fifteen-year robbery sentence.[7] Williams grounds his § 2254 Petition on the unsupported belief that he cannot be expected to serve the entire sentence imposed by Circuit Court and asserts:

> There is **"no"** existing Virginia state law that clearly sets forth establishing that defendants who committed an alleged felony offense **"before"** January 1, 1995, **"shall"** serve the full court imposed sentence term day for day entirely, **except**, in the event of being provided with the departmental good-time credits under Va. Code § 53.1-201.

---

[7] For example, Williams complains:

These actions are conjoined by the complicit transgression of the Stafford court. Whom would be equally guilty of Constitutional violations by its transgressed manner complicitously [sic] displayed in providing a blanket of unlawful concealment of the miscarriages of justice, so as to expiate inducement antics laid out by the state propeling [sic] courts to digress its law abiding normalcy when corruption is exposed, especially in any pro se litigant case, showing how the state judicial system is being used as a weapon, arbitrary to governing law, to victimize people in a manner nothing short of being a malicious execution of judicial terrorism. This insidious ensnarement of those sought after to be placed within the nemesis hands of corruption in order to feed these quasi-heinous acts of abuse of authority.

(Mem. Supp. § 2254 Pet. ¶ 1.)

8

(Mem. Supp. § 2254 Pet. ¶ 10.) Williams believes that, at most, he must serve only sixty-five percent of his sentence, arguing:

> Williams' sentence is to have three (3) release dates required by law, See Va. Code §§ 53.1-156 and 53.1-198.
> The first release date is the **"discretionary parole"** release date or early parole review eligibility time. The second release date is the **"mandatory parole"** release date, which is time satisfied for completion of the sentence with the afforded departmental good-time credits. The third release date is the **"final discharge"** release date, which is the date reached upon satisfying the actual state law required maximum amount of time authorized by law to serve **excluding** any of the departmental good-time credits, See Va. Code § 53.1-156 (Code 1950, 53-255, 53.256; 1982, c. 636; 1987, c. 668).
> The **"final** discharge" release date is the date that state law sets, and that cannot be changed due to any earning of the Departmental good-time credits. It is the date that concludes full completion of the state law required maximum amount of time served. In this case, it is the state law intended (65%) of the sentence that is required to be serve[d] excluding Departmental good-time credit.

(Id. ¶¶ 17-19 (internal paragraph numbers omitted).)

Contrary to Williams's arguments, neither the Constitution nor the pertinent Virginia statutes require his release upon serving only sixty-five percent of his sentence. See Greenholtz v. Inmates of Neb. Penal & Corr. Complex, 442 U.S. 1, 7 (1979) ("There is no constitutional or inherent right of a convicted person to be . . . released before the expiration of a valid sentence."). Williams insists, "The truth supporting Williams['s] allegations is clearly shown within the provisions

9

of Va. Code § 53.1-156." (Mem. Supp. § 2254 Pet. 19.)[8] That provision, however, provides no logical support for Williams's position. See Va. Code § 53.1-156 (West 2012).

Williams also asserts that section 53.1-198 of the Virginia Code supports his position. That provision, which pertains to persons convicted of offenses prior to June 30, 1981, has no bearing on the execution of Williams's 1990 robbery sentence.[9]

---

[8] That statute states:

> The period of parole which shall be fixed by the Board may be greater than the unserved portion of the sentence actually imposed upon the paroled prisoner by the court or jury which fixed his sentence. It shall not exceed, however, the difference between the time actually served in confinement by the paroled prisoner, without regard to good conduct credit, and the maximum term established by law as punishment for the offense or offenses of which the prisoner was convicted. The time during which a parolee is at large on parole shall not be counted as service of any part of the term of imprisonment for which he was sentenced upon his conviction.

Va. Code Ann. § 53.1-156 (West 2012).

[9] That statute provides:

> Every person who, on or before June 30, 1981, was convicted of a felony and every person convicted of a misdemeanor, and to whom the provisions of §§ 53.1-151, 53.1-152 or § 53.1-153 apply, may choose the system of good conduct allowances established in §§ 53.1-199 through 53.1-202 to govern the computing of his discharge date and eligibility for parole. A person who chooses the system established in this article may not thereafter be governed by the laws establishing good conduct allowances in effect prior to July 1, 1981.

Va. Code Ann. § 53.1-198 (West 2012).

10

Williams simply fails to direct the Court to any provision of Virginia law that supports his position that he only need serve sixty-five percent of his sentence.

Pages 20 through 43 of the § 2254 Petition consist of Williams's calculations as to how he has served more than fifteen years on his robbery sentence from the Circuit Court. As he did in state court, Williams predicates his calculations on his erroneous premise that he fully satisfies a sentence after serving sixty-five percent of a sentence in jail or prison.

Williams's calculations fail to provide any coherent basis for concluding that, prior to his latest revocation of probation, he had served more than fifteen years on his robbery sentence. First, he bases his calculations upon the fictional premise that he satisfies any sentence by serving sixty-five percent of the sentence. Second, his calculations fail to account for the fact that, after he violated his term of mandatory parole, he lost the benefit of previously-earned good time credits. See Warren v. Baskerville, 233 F.3d 204, 206-07 (4th Cir. 2000) (explaining that Virginia statues authorize the Virginia Parole Board to revoke previously-earned good time credits). Third, Williams fails to explain how, prior to its imposition in August of 2009, he could have served the four-year active term of imprisonment the Circuit Court had yet to impose.

11

Finally, by Williams's own calculations in his state habeas petition, as of the date of his release from confinement on July 21, 2008, he had only physically "served eight (8) years, ten (10) months, and seventeen (17) days" on his fifteen-year sentence. Memorandum in Support of a Petition for a Writ of Habeas Corpus Ad Subjiciendum ¶ 31, Williams v. Clarke, No. CL11-170-00 (Va. Cir. Ct. filed Feb. 14, 2011). Given the foregoing circumstances, Williams fails to demonstrate entitlement to relief under 28 U.S.C. § 2254(d). Specifically, Williams fails to demonstrate the Virginia courts acted unreasonably in rejecting his claim that the four-year sentence imposed by the Circuit Court on August 21, 2009 was unlawful because Williams had fully served his entire fifteen-year sentence from the Circuit Court prior to August 21, 2009.

## IV. CONCLUSION

Respondent's Motion to Dismiss (ECF No. 17) will be granted. Williams's Motion to Dismiss the Motion to Dismiss (ECF No. 20) will be denied. Williams's belated Motion to Submit an Amended Motion to Dismiss the Motion to Dismiss (ECF No. 24) will be denied. Williams's claim will be dismissed and the petition for a writ of habeas corpus will be denied. Williams's "MOTION TO SHOW GOOD CAUSE WHY THIS PRESENT PETITION SHOULD NOT BE CONSIDERED DUPLICATIVE TO OR SUCCESSIVE TO

CURRENTLY PENDING CLAIM IN WILLIAMS v. CLARKE, NO. 3:11cv417 (E.D. Va)" (ECF No. 14) will be denied as moot. The action will be dismissed.

An appeal may not be taken from the final order in a § 2254 proceeding unless a judge issues a certificate of appealability ("COA"). 28 U.S.C. § 2253(c)(1)(A). A COA will not issue unless a prisoner makes "a substantial showing of the denial of a constitutional right." 28 U.S.C. § 2253(c)(2). A petitioner satisfies this requirement only when "reasonable jurists could debate whether (or, for that matter, agree that) the petition should have been resolved in a different manner or that the issues presented were 'adequate to deserve encouragement to proceed further.'" Slack v. McDaniel, 529 U.S. 473, 484 (2000) (quoting Barefoot v. Estelle, 463 U.S. 880, 893 n.4 (1983)). Williams fails to meet this standard. A certificate of appealability will therefore be denied.

The Clerk is directed to send a copy of the Memorandum Opinion to Williams and counsel of record.

/s/ REP
Robert E. Payne
Senior United States District Judge

Richmond, Virginia
Date: February 6, 2013

13